IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DUSTIN AVORY SWAN,**

    Plaintiff,

v.                                             Civil Action No. **3:23CV521**

**KING AND QUEEN SHERIFF'S OFFICE,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Dustin Avory Swan ("Mr. Swan"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] This matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and will, for the reasons that follow, be DISMISSED as malicious, for failure to state a claim on which relief may be granted, and as duplicative of a previous action.[2]

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act, this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous or malicious" or (2) "fails to state a

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court corrects the spelling, punctuation, and capitalization in quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," claims where the "factual contentions are clearly baseless," *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), or claims designed to "vex, annoy, or injure," *Cain v. Commonwealth of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (citing *Cochran v. Morris*, 73 F.3d 1310, 1316–17 (4th Cir. 1996) (en banc)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a

2

plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Allegations in Related Action

Broadly, Mr. Swan alleges in this action that, on December 2, 2021, Deputy Brian S. Burr of the King and Queen County Sheriff's Office stomped on his back while arresting him, fracturing two of his vertebrae in the process. (ECF No. 16, at 1.) This is the second action Mr. Swan has filed based on this alleged incident. *See Swan v. Burr*, No. 3:22-cv-725, 2025 WL 2413055 (E.D. Va. Aug. 19, 2025) ("*Swan I*"). In *Swan I*, this Court granted summary judgment in favor of Deputy Burr, largely on the basis of Deputy Burr's sworn statement and video footage disproving Mr. Swan's version of events. (*See Swan I*, ECF Nos. 62–63.) There, the Court found that "video and audio evidence reflect[ed] that Mr. Swan was the aggressor throughout his interactions with

3

Deputy Burr during the course of his arrest." (*Swan I*, ECF No. 62, at 16.) It further observed that, after the fact, "Mr. Swan pled guilty to assaulting Deputy Burr." (*Id.* at 16.) On these bases, the Court concluded that "Mr. Swan [had] falsely asserted that he was the victim of unconstitutional force at the hand of Deputy Burr" and had "brought th[e] action to vex and harass Deputy Burr 'rather than to seek redress for a legitimate legal claim.'" (*Id.*) As a result, the Court dismissed *Swan I* as malicious. (*Id.* at 16; ECF No. 63.)

There is only one notable difference between this action and *Swan I*: here, Swan names Sheriff William R. Balderson and the King and Queen County Sheriff's Department as additional defendants. (ECF No. 16, at 1–2.) As to the first of these parties, Mr. Swan alleges that Sheriff Balderson "was grossly negligent in that he did not adequately supervise the subordinates who violated [his] rights as well as acted with deliberate indifference." (*Id.* at 2.) He alleges that the Sheriff's Office, meanwhile, is responsible under a theory of "indirect liability" for "failure to train, supervise, or discipline" its employees. (*Id.*) For these alleged wrongs, Mr. Swan seeks $3 million in monetary damages and "removal of Officer Burr from the Sheriff's Office." (*Id.* at 3.)

### III. Analysis

This action is subject to dismissal for several reasons. First, the allegations against Deputy Burr are substantively identical to those raised in *Swan I* (*compare* ECF No. 16, *with Swan I*, ECF No. 5), and the Court already has found the claims based on those allegations to be meritless and malicious. (*Swan I*, ECF No. 62, at 15–16.) Accordingly, the Court deems the claims against Deputy Burr in this action to be malicious for the reasons stated in *Swan I* and duplicative for having previously been raised in a separate civil action. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000) (observing that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time" (citing *Zerilli v.*

4

*Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977))).

Next, having already found that Deputy Burr did not violate Mr. Swan's constitutional rights, there is no basis for any supervisory or indirect liability claim against Sheriff Balderson, the King and Queen County Sheriff's Department, or King and Queen County more broadly. *See Doe v. Rosa*, 664 F. App'x 301, 303 n.2 (4th Cir. 2016) (noting there can be no supervisory liability when there is no underlying violation of the Constitution); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012) ("Because we hold that all plaintiffs failed to state predicate § 1983 claims against the individual officers, we must also hold that all plaintiffs have failed to state supervisory liability, *Monell* liability, and 'stigma-plus' claims.").

Even if Mr. Swan had established that Deputy Burr had violated his constitutional rights, his allegations against Sheriff Balderson and the Sheriff's Office would be insufficient to state any claim for relief. His allegations of Balderson's negligence and of the Sheriff's Office failure to train its employees are mere conclusory statements unsupported by any specific factual allegations describing the manner in which those parties acted or failed to act. Consequently, the allegations are insufficient to support liability. *See, e.g., Welty v. Meletis*, No. 3:17cv173, 2018 WL 3453458, at *4 (E.D. Va. July 17, 2018) (dismissing complaint as conclusory, finding that it "provide[d] no factual support for [the plaintiff's] assertion that Defendants [violated his constitutional rights]") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *Saub v. Phillips*, No. 3:14cv414, 2017 WL 1658831, at *5 (E.D. Va. May 1, 2017) (dismissing failure to train claim as conclusory, finding that the plaintiff's "vague and conclusory allegation that Isle of Wight County is 'liable for failure to train' fail[ed] to set forth facts suggesting that [that the county] knew of and acquiesced in a

5

pattern of constitutional violations" or "allege with specificity how Isle of Wight County failed to train its employees").

Finally, Mr. Swan's claim against the Sheriff's Office is deficient because the Sheriff's Office is not a "person" subject to suit under § 1983. Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to suit under this statute. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983).

For the reasons discussed above, this action will be DISMISSED WITH PREJUDICE as malicious, duplicative, and for failure to state a claim.

The Clerk will be DIRECTED to note the disposition for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 27 October 2025
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge